I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-5-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

INOCENTE SECUDINO,

    Petitioner,

vs.

R. GOWER, Interim Warden,

    Respondent.

Case No. SACV 12-0162-SJO (JPR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On October 15, 2012, Petitioner filed Objections to the Report and Recommendation, which the Court has also reviewed.

As to his sufficiency-of-the-evidence claim, Petitioner mostly just reargues the evidence and asserts that no reasonable jury could have found beyond a reasonable doubt that he did not act in the heat of passion or in reasonable self-defense or defense of others. (Objections at 2-6.) But as the Magistrate Judge explained in the Report and Recommendation, on AEDPA habeas review, this Court may not reweigh the evidence and draw different inferences from it; rather, if sufficient evidence existed such that a rational trier of fact could have found

Petitioner guilty beyond a reasonable doubt, relief must be denied. Here, the evidence was more than sufficient. In an interview with the police upon his arrest, Petitioner admitted that he intentionally shot the victim from behind in the head as the victim was running away from him. (Lodged Doc. 1, 2 Clerk's Tr. at 313; Lodged Doc. 2, 2 Rep.'s Tr. at 261-62.) Although the victim had earlier been chasing a gang associate of Petitioner's, he had stopped when he saw Petitioner approach with a gun and instead had tried to run away. (Lodged Doc. 2, 1 Rep.'s Tr. at 50-56, 60, 64-66, 71-74, 97-102, 106-09, 123.) Moreover, the victim was not found with any weapon, and he never showed one at any time during the events leading up to the shooting. (Id. at 55, 64-66, 103-07, 114, 151-52, 165, 184-87.) Although Petitioner argues that because he was able to shoot and kill the victim the victim was necessarily still close enough to Petitioner to have caused him harm had he had a gun, the fact remains that the victim was <u>running away from Petitioner</u> at the time. A rational trier of fact could clearly have concluded, as Petitioner's did, that he had no need to shoot - and certainly not aim for the victim's head.

    Petitioner also complains that the Magistrate Judge erroneously relied on state law in adjudicating Petitioner's sufficiency claim, in contravention of the U.S. Supreme Court's recent ruling in <u>Coleman v. Johnson</u>, 566 U.S. \_\_\_, 132 S. Ct. 2060, 182 L. Ed. 2d 978 (2012). (Objections at 2, 5.) In that case, the Supreme Court held that the reviewing court "must look to state law for the substantive elements of the criminal offense," although the "minimum amount of evidence that the Due

Process Clause requires to prove the offense is purely a matter of federal law." Id. at 2064 (internal quotation marks omitted).

In a paragraph that began, "Under California law," the Magistrate Judge properly cited California cases for the elements of the offenses with which Petitioner was charged. (See R&R at 11-12.) As Coleman directs, the Magistrate Judge relied on federal law to determine that the evidence against Petitioner was sufficient to sustain his convictions under AEDPA review. (See R&R at 9-11, 16.) There was no error.

Petitioner asserts that the Magistrate Judge erred in considering his second claim, that the trial court's instructions to the jury on voluntary manslaughter violated due process, because she neglected to consider the instructions in the context of the prosecutor's closing argument. (Objections at 6, 7-8.) As an initial matter, Petitioner's federal habeas Petition nowhere even mentions the prosecutor's closing argument, much less argues that it acted to render the instructions ambiguous or confusing. Thus, Petitioner has not properly raised this argument on federal habeas review. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that reply is not proper place to raise new arguments). But in any event, there was nothing improper about the prosecutor's arguments cited by Petitioner in his objections (see Objections at 8), which were to the effect that Petitioner could not have acted in imperfect self-defense or defense of others because he left the scene to go get his gun, returned, and then shot the victim when he was running away from Petitioner, after any danger had ended. The prosecutor is entitled to argue reasonable inferences from the

3

evidence, and this was certainly one.  See <u>Ceja v. Stewart</u>, 97 F.3d 1246, 1253-54 (9th Cir. 1996).

    Having made a de novo determination of those portions of the Report and Recommendation to which Petitioner has filed Objections, the Court accepts the findings and recommendations of the Magistrate Judge.

    IT THEREFORE IS ORDERED that (1) the Petition is denied without leave to amend and (2) Judgment be entered dismissing this action with prejudice.

November 2, 2012.

DATED: _____

*S. James Otero*
S. JAMES OTERO
U.S. DISTRICT JUDGE