1
I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
2   ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

3   DATED: 11·5·12

4   DEPUTY CLERK

5



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV – 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

6

7               **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

INOCENTE SECUDINO,            ) Case No. SACV 12-0162-SJO (JPR)
10                                )
                Petitioner,       )
11                                ) ORDER ACCEPTING FINDINGS AND
            vs.                   ) RECOMMENDATIONS OF U.S.
12                                ) MAGISTRATE JUDGE
R. GOWER, Interim Warden,         )
13                                )
                Respondent.       )
14   _____)

15       Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo

16   the Petition, records on file, and Report and Recommendation of

17   the U.S. Magistrate Judge.  On October 15, 2012, Petitioner filed

18   Objections to the Report and Recommendation, which the Court has

19   also reviewed.

20       As to his sufficiency-of-the-evidence claim, Petitioner

21   mostly just reargues the evidence and asserts that no reasonable

22   jury could have found beyond a reasonable doubt that he did not

23   act in the heat of passion or in reasonable self-defense or

24   defense of others.  (Objections at 2-6.)  But as the Magistrate

25   Judge explained in the Report and Recommendation, on AEDPA habeas

26   review, this Court may not reweigh the evidence and draw

27   different inferences from it; rather, if sufficient evidence

28   existed such that a rational trier of fact could have found

1

1   Petitioner guilty beyond a reasonable doubt, relief must be
2   denied.  Here, the evidence was more than sufficient.  In an
3   interview with the police upon his arrest, Petitioner admitted
4   that he intentionally shot the victim from behind in the head as
5   the victim was running away from him.  (Lodged Doc. 1, 2 Clerk's
6   Tr. at 313; Lodged Doc. 2, 2 Rep.'s Tr. at 261-62.)  Although the
7   victim had earlier been chasing a gang associate of Petitioner's,
8   he had stopped when he saw Petitioner approach with a gun and
9   instead had tried to run away.  (Lodged Doc. 2, 1 Rep.'s Tr. at
10  50-56, 60, 64-66, 71-74, 97-102, 106-09, 123.)  Moreover, the
11  victim was not found with any weapon, and he never showed one at
12  any time during the events leading up to the shooting.  (Id. at
13  55, 64-66, 103-07, 114, 151-52, 165, 184-87.)  Although
14  Petitioner argues that because he was able to shoot and kill the
15  victim the victim was necessarily still close enough to
16  Petitioner to have caused him harm had he had a gun, the fact
17  remains that the victim was running away from Petitioner at the
18  time.  A rational trier of fact could clearly have concluded, as
19  Petitioner's did, that he had no need to shoot - and certainly
20  not aim for the victim's head.
21       Petitioner also complains that the Magistrate Judge
22  erroneously relied on state law in adjudicating Petitioner's
23  sufficiency claim, in contravention of the U.S. Supreme Court's
24  recent ruling in Coleman v. Johnson, 566 U.S. ___, 132 S. Ct.
25  2060, 182 L. Ed. 2d 978 (2012).  (Objections at 2, 5.)  In that
26  case, the Supreme Court held that the reviewing court "must look
27  to state law for the substantive elements of the criminal
28  offense," although the "minimum amount of evidence that the Due

1  Process Clause requires to prove the offense is purely a matter
2  of federal law." Id. at 2064 (internal quotation marks omitted).
3      In a paragraph that began, "Under California law," the
4  Magistrate Judge properly cited California cases for the elements
5  of the offenses with which Petitioner was charged. (See R&R at
6  11-12.) As Coleman directs, the Magistrate Judge relied on
7  federal law to determine that the evidence against Petitioner was
8  sufficient to sustain his convictions under AEDPA review. (See
9  R&R at 9-11, 16.) There was no error.
10     Petitioner asserts that the Magistrate Judge erred in
11 considering his second claim, that the trial court's instructions
12 to the jury on voluntary manslaughter violated due process,
13 because she neglected to consider the instructions in the context
14 of the prosecutor's closing argument. (Objections at 6, 7-8.)
15 As an initial matter, Petitioner's federal habeas Petition
16 nowhere even mentions the prosecutor's closing argument, much
17 less argues that it acted to render the instructions ambiguous or
18 confusing. Thus, Petitioner has not properly raised this
19 argument on federal habeas review. See Delgadillo v. Woodford,
20 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that reply is not
21 proper place to raise new arguments). But in any event, there
22 was nothing improper about the prosecutor's arguments cited by
23 Petitioner in his objections (see Objections at 8), which were to
24 the effect that Petitioner could not have acted in imperfect
25 self-defense or defense of others because he left the scene to go
26 get his gun, returned, and then shot the victim when he was
27 running away from Petitioner, after any danger had ended. The
28 prosecutor is entitled to argue reasonable inferences from the

1  evidence, and this was certainly one.   See <u>Ceja v. Stewart</u>, 97

2  F.3d 1246, 1253-54 (9th Cir. 1996).

3      Having made a de novo determination of those portions of the

4  Report and Recommendation to which Petitioner has filed

5  Objections, the Court accepts the findings and recommendations of

6  the Magistrate Judge.

7      IT THEREFORE IS ORDERED that (1) the Petition is denied

8  without leave to amend and (2) Judgment be entered dismissing

9  this action with prejudice.

10      November 2, 2012.        *S. James Otero*

11  DATED: _____   _____

12                             S. JAMES OTERO
                               U.S. DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28